United States District Court
Southern District of Texas
**ENTERED**
June 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL TOBAR REINOSA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-3247 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Miguel Angel Tobar Reinosa ("Petitioner"), a citizen of El Salvador, entered the United States without admission or parole on June 18, 2019.[1] On an unknown date Petitioner was apprehended and transferred to the custody of the Office of Refugee Resettlement ("ORR").[2] On August 11, 2019, ORR released Petitioner from federal custody to his mother.[3]

On September 3, 2025, Petitioner was encountered at the Galveston County Jail after being arrested for public lewdness.[4] On September 5, 2025, Petitioner was transferred to Immigration and

---

[1]Petition for a Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 7; Response to the Petition for Writ of Habeas Corpus and Motion to Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 5 ¶ 13.

[3]Id. ¶ 14.

[4]Respondents' MSJ, Docket Entry No. 5, p. 2.

Customs Enforcement custody from the Galveston County Jail.[5]  That same day Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the Untied States at any time or place other than as designated by the Attorney General."[6]  On November 5, 2025, Petitioner's removal proceedings were dismissed so that his asylum application, which he had filed in 2023, could be adjudicated by United States Citizenship and Immigration Services ("USCIS").[7]  Petitioner was interviewed by USCIS on November 24, 2025, and his asylum application was referred to the immigration court for proceedings on November 25, 2025.[8]  His asylum application remains pending.[9]

On April 17, 2026, Petitioner was served with a new Notice to Appear charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States who has not been admitted or paroled.[10]  He remains in immigration custody.[11]

_____

[5]Id.

[6]Id.

[7]Id.

[8]Id.

[9]Id.

[10]Id. at 2-3; Notice to Appear, Exhibit 2 to Respondents' MSJ, Docket Entry No. 5-2, p. 1.

[11]Id. at 3.

-2-

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process.[12] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5), which was filed on May 21, 2026. Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[13] Although paragraph 4 of the court's Order to Answer (Docket Entry No. 4) requires Petitioner to respond to any dispositive motion within 20 days, Petitioner has not responded to Respondents' Motion for Summary Judgment.

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding

---

[12]Habeas Petition, Docket Entry No. 1, pp. 9-17 ¶¶ 30-49.

[13]Respondents' MSJ, Docket Entry No. 5, pp. 1-2.

admission that Congress has provided by statute, and because §
1225(b)(2) mandates detention of applicants for admission until
certain proceedings have concluded, Petitioner is not entitled to
a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for
Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's
Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is
**DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 23rd day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE